# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA, STATE OF FLORIDA and ROBERT PARKER,**

**Plaintiffs,**

**v.** **Case No: 6:13-cv-1068-Orl-22TBS**

**SPACE COAST MEDICAL ASSOCIATES, L.L.P., CYNTHIA JEAN BRYANT and BREVARD HEMATOLOGY AND ONCOLOGY CONSULTANTS - LEVINE, ZIMM AND SPRAWLS, M.D., P.A.,**

**Defendants.**

---

## ORDER

This cause comes before the Court on Plaintiff-Relator Robert Parker's ("Parker") Motion to Amend Complaint to Add a Plaintiff-Relator (Doc. No. 54), in response to which Defendants Space Coast Medical Associates, L.L.P., Dr. Cynthia Jean Bryant, and Brevard Hematology and Oncology Consultants – Levine, Zimm, and Sprawls, M.D., P.A. (collectively, "Defendants") filed a Memorandum in Opposition (Doc. No. 57). Parker seeks to add Dr. Thomas Scheer ("Scheer") as an additional plaintiff-relator. Because the first-to-file rule does not bar a plaintiff in a False Claims Act case from voluntarily amending his complaint to add another plaintiff-relator, and there are no other valid grounds to deny leave to amend, the Motion will be granted.

## I. BACKGROUND & PROCEDURAL HISTORY

This is a *qui tam* action in which neither the United States nor the State of Florida has, thus far, elected to intervene. Parker alleges that Defendants engaged in schemes to defraud the

government by submitting false billings under the Medicare, Medicaid, and TRICARE programs. Parker filed the original complaint on July 15, 2013, which the Court sealed pursuant to 31 U.S.C. § 3730(b)(2). Several months later, on December 5, 2013, Scheer filed a separate complaint against Space Coast and Dr. Bryant based on the same factual allegations. *See* Compl., *United States ex rel. Scheer v. Space Coast Med. Assocs., LLP*, No. 6:13-cv-1874-Orl-31TBS (M.D. Fla. Dec. 5, 2013) (Doc. No.1). The two cases proceeded in parallel until October 1, 2014, when Scheer voluntarily dismissed his suit. Two days before, on September 29, Parker filed the instant Motion to Amend; the only differences between Parker's proposed Second Amended Complaint and his First Amended Complaint (which was filed less than a week before) are the additions of Scheer as a plaintiff-relator and certain limited factual allegations pertaining to Scheer's knowledge of the alleged scheme.

**II. LEGAL STANDARDS & ANALYSIS**

Pursuant to Rule 15, a party may amend its pleading more than once only with consent of the opposing party or leave of court, which should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court can deny leave to amend for a number of reasons, including "undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citation and quotation marks omitted).

Defendants first assert that leave to amend should be denied because the Motion was unduly delayed and amendment would be prejudicial. These objections merit little discussion. The Motion is timely, as it comes less than three months after Defendants were served in this case, and before the Case Management and Scheduling Order has been entered. The fact that Defendants elected to oppose the instant Motion while also drafting their Motion to Dismiss Parker's Amended

Complaint is not, in and of itself, prejudicial, nor is the marginal burden of defending against one additional plaintiff in the same case. It is telling that Defendants failed to cite any authority stating that minor encumbrances such as these are sufficiently prejudicial to warrant denying leave to amend.

Defendants also claim that amending to add Scheer as a plaintiff-relator would be futile because his claims are barred under the False Claims Act's "first-to-file" rule. In the Eleventh Circuit, "[l]eave to amend a complaint is futile when the [claims] as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). At this stage of litigation, the Court will deny leave to amend only where it is clear that Plaintiff's claims, as amended, would be dismissed as a matter of law for failure to state a claim. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted).

The False Claims Act includes a provision limiting the rights of private persons to initiate or intervene in an action on a particular violation to the first person to file suit: "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This "first-to-file" rule serves two purposes: "promot[ing] incentives for whistle-blowing insiders and prevent[ing] opportunistic successive plaintiffs." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1260 (11th Cir. 2008) (quoting *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001)). The practical effect is that "once one suit has been filed by a relator or by the government, all other suits against the same defendant based on the same kind of conduct would be barred." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994) (per curiam) (citation omitted). Presumably, Scheer voluntarily dismissed his

suit—filed approximately five months after Parker's—in recognition of the fact that it was barred by the first-to-file rule.

Defendants assert that the first-to-file rule also prevents Parker from amending his complaint to add Scheer as a plaintiff-relator to the first-filed suit. Neither the parties nor this court could locate an Eleventh Circuit case considering this issue, but among the courts that have, the weight of authority favors holding that the first-to-file rule does not prohibit the first relator from voluntarily amending his complaint to add another relator.

Defendants argue that § 3730(b)(5) should be construed in favor of limiting the court's jurisdiction, and accordingly would interpret the term "intervene" to preclude any person other than the Government from appearing in an existing private *qui tam* action. That argument, despite having been accepted by a handful of district courts, is unpersuasive.[1] The plain language of the statute only states that a subsequent relator may not "intervene" or "bring a related action." 31 U.S.C. § 3730(b)(5). The "cardinal canon" of statutory interpretation is to "presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l*

---

[1] Almost all of the cases Defendants cite stem from one decision by a Tennessee district court that characterized party joinder of any kind in a pending *qui tam* suit as an intervention. *See United States ex rel. Fry v. Guidant Corp.*, Civ. Action No. 3:03-0842, 2006 WL 1102397, at *4-6 (M.D. Tenn. Apr. 25, 2006). The *Fry* court held that the first-to-file bar was "exception-free," and cited decisions from the Ninth and Fourth Circuits stating the same. *Id.* (citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001); *United States ex rel. LaCorte v. Wagner*, 185 F.3d 188, 191 (4th Cir. 1999). The trouble with relying on those appellate decisions is that neither one dealt with the addition of another plaintiff-relator by voluntary amendment. The Ninth Circuit case addressed a separate, subsequent lawsuit filed by a new plaintiff-relator that had no connection to the original suit, *Lujan*, 243 F.3d at 1186-87, while the Fourth Circuit case considered an explicit motion to intervene by two private third parties, *LaCorte*, 185 F.3d at 190-91. These cases are good authority for the proposition that there are no exceptions to the plain language of § 3730(b)(5), but say nothing about the scope of the term "intervene." The Court is unpersuaded by *Fry* and its progeny; stripped of support from the inapposite circuit court cases, *Fry* does not identify any textual basis for broadly construing the statute to prohibit all forms of joinder.

*Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992) (citations omitted). The Court presumes that when Congress used the word "intervene," it did so on purpose and with knowledge of the word's common legal meaning: "entry into a lawsuit by a third party who, despite not being named a party to the action, has a personal stake in the outcome." *Black's Law Dictionary* 948 (10th ed. 2014) (citing Fed. R. Civ. P. 24). This definition cannot be expanded to include the addition of a plaintiff by way of voluntary amendment.

Other Courts interpreting "intervene" as used in § 3730(b)(5) have arrived at the same conclusion. A panel of the Tenth Circuit understood the word to convey "its narrow, Fed. R. Civ. P. 24 plain legal meaning," and concluded that "the addition of parties [via amended complaint] does not constitute intervention." *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1017 (10th Cir. 1994). Citing legislative history, that panel went on to note that §3730(b)(5) "was adopted to prevent 'multiple separate suits based on identical facts and circumstances,'" not multiple plaintiff-relators voluntarily joining in one suit. *Id.* (quoting S. Rep. No. 99-345, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5290). Numerous other district courts have reached the same conclusion when considering similar facts. *See, e.g.*, *United States ex rel. Boise v. Cephalon, Inc.*, Civ. Action No. 08-287, 2014 WL 5089671, at *3-5 (E.D. Pa. Oct. 9, 2014); *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 459-60 (W.D. Pa. 2012); *United States ex rel. Sanders v. E. Ala. Healthcare Auth.*, 953 F. Supp. 1404, 1408 (M.D. Ala. 1996). Thus, the Court holds that § 3730(b)(5) does not bar the voluntary addition of another relator to an existing suit via amended complaint. This holding is grounded in the plain language of § 3730(b)(5), and not in conflict with Congressional intent to prevent multiple separate suits.[2]

[2] Defendants also cite multiple cases holding that § 3730(b)(5) bars a plaintiff-relator from filing successive suits based on the same underlying facts, but these cases are silent as to whether

Finally, Defendants argue that the Motion should be denied because Scheer does not offer any facts to cure the deficiencies of Parker's Amended Complaint. This issue is much better addressed in conjunction with the arguments in Defendants' Motion to Dismiss (Doc. No. 55), which will be denied with leave to refile in response to the proposed Second Amended Complaint.

## III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Robert Parker's Motion to Amend Complaint to Add a Plaintiff-Relator (Doc. No. 54), filed September 29, 2014, is **GRANTED**. Parker shall be permitted to file a Second Amended Complaint on or before October 31, 2014.

2. The Motion to Dismiss of Defendants Space Coast Medical Associates, L.L.P., Dr. Cynthia Jean Bryant, and Brevard Hematology and Oncology Consultants – Levine, Zimm, and Sprawls, M.D., P.A. (Doc. No. 55), filed October 7, 2014, is **DENIED without prejudice**. If appropriate, Defendants may refile this Motion in response to the Second Amended Complaint.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 22, 2014.



ANNE C. CONWAY
United States District Judge

---

a prospective relator's prior suit should bar his joinder in someone else's suit. *See United States ex rel. Shea v. Cellco P'ship*, 748 F.3d 338, 342 (D.C. Cir. 2014). Here, Scheer is not bringing a separate suit, making *Shea* and similar cases factually distinguishable.

Copies furnished to:

Counsel of Record
Unrepresented Parties