**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA and STATE OF FLORIDA *ex rel.* ROBERT PARKER, *et al.*,**

**Plaintiffs/Relators,**

**v.**

**Case No.: 6:13-CV-1068-ORL-22TBS**

**SPACE COAST MEDICAL ASSOCIATES, L.L.P., *et al.*,**

**Defendants.**
______________________________________/

# DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Brian Newman (FBN: 004758)
William D. Horgan (FBN: 176877)
PENNINGTON, P.A.
215 S. Monroe Street, 2nd Floor (32301)
P.O. Box 10095 (32302-2095)
Tallahassee, FL
Telephone: (850) 222-3533
Fax: (850) 222-2126
bnewman@penningtonlaw.com
whorgan@penningtonlaw.com

-and-

Mark D. Colley (*pro hac vice*)
Alan E. Reider (*pro hac vice*)
Murad Hussain (*pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Fax: (202) 942-5999
Mark.Colley@aporter.com
Alan.Reider@aporter.com
Murad.Hussain@aporter.com

***Counsel for Defendants Space Coast Medical Associates, L.L.P., Dr. Cynthia Jean Bryant, and Brevard Hematology and Oncology Consultants – Levine, Zimm, and Sprawls, M.D., P.A. aka Space Coast Cancer Center***

Defendants Space Coast Medical Associates, L.L.P. (“SCMA”), Dr. Cynthia Jean Bryant, and Brevard Hematology and Oncology Consultants – Levine, Zimm, and Sprawls, M.D., P.A. *aka* Space Coast Cancer Center (“Brevard”) (collectively, “Defendants” or the “Practice”) move, pursuant to Federal Rule of Civil Procedure 26(c), to stay discovery pending the Court’s resolution of Defendants’ forthcoming motion to dismiss the Second Amended Complaint, to be filed on November 13, 2014.

The parties have agreed on an Amended Case Management Report (to be filed by Relators’ counsel) which jointly proposes a modified set of deadlines to accommodate the delays caused to date by the multiple amendments of the pleadings. Notwithstanding the parties’ agreement to the modified deadlines, Defendants also believe it would be most prudent to stay discovery during the pendency of their forthcoming motion to dismiss the Second Amended Complaint, to be filed on or before November 13, 2014. Pursuant to Local Rule 3.01(g), the parties have conferred, by telephone and email, about Defendants’ proposal to stay discovery. Relators’ counsel opposes Defendants’ request for a stay.

## MEMORANDUM OF LAW

On or before November 13, 2014, Defendants will file their motion to dismiss the Second Amended Complaint – their *third* such motion in this action. Thus, in addition to the parties’ Amended Case Management Report (to be filed by Relators’ counsel), Defendants now also seek a well-founded stay of all discovery until the Court rules on their forthcoming motion to dismiss. *See, e.g.*, *Moore v. Potter*, 141 F. App’x 803, 807-08 (11th Cir. 2005) (affirming district court’s stay of discovery pending resolution of motions to dismiss); *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 654-55 (11th Cir. 2012) (same); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (holding that district court abused discretion by

delaying ruling on defendants' challenge to state-law claims, and then allowing discovery and granting plaintiff's motion to compel production); *cf. Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748-49 (11th Cir. 2013) (affirming complaint's dismissal for failure "to adequately plead a claim for relief" and "find[ing] no merit in [the plaintiff's] argument that it was entitled to discovery to assist in" pleading adequate claims).

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. Motions to stay discovery may be granted pursuant to Rule 26(c) . . . and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (quotation marks omitted). Both criteria are satisfied here.

First, Defendants' request for a temporary stay is reasonable. Like its predecessors, the forthcoming motion to dismiss is dispositive. Allowing Relators to take discovery will impose a significant burden upon Defendants that will be ultimately unnecessary if the Court grants the motion to dismiss.

"As the Supreme Court has noted, . . . 'the doors of discovery' do not unlock 'for a plaintiff armed with nothing more than conclusions.'" *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (holding that plaintiff was not entitled to discovery before district court ruled on his motion to dismiss) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "Rather, discovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

Here, Defendants' forthcoming motion, like their prior two motions to dismiss, will challenge the sufficiency of Relators' pleadings under Rules 8(a) and 9(b). Unlike a pretrial

motion "that turns on findings of fact," such as a personal jurisdictional motion, this Court can issue "a meaningful ruling" regarding a complaint's sufficiency, particularly under Rule 9(b), without even "limited discovery." *Chudasama*, 123 F.3d at 1367 (holding that court abused discretion by allowing discovery without analyzing fraud claim that was part of undecided motion to dismiss under Rule 9(b)). As the Eleventh Circuit explained at length in *Chudasama*:

> ***Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. . . .***
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1367-68 (emphasis added; citations and footnotes omitted). In recent years, the Eleventh Circuit has repeatedly endorsed and reinforced *Chudasama*'s analysis and holding. *See, e.g.*, *World Holdings*, 701 F.3d at 654-55 (quoting *Chudasama*); *Cotton*, 402 F.3d at 1292 (same); *Carter*, 521 F. App'x at 728 (same); *Inman*, 517 F. App'x at 748-49 (same); *Moore*, 141 F. App'x at 807-08 (same). Thus, a stay will conserve the resources of both the parties and the Court.[1]

---

[1] *See also Chudasama*, 123 F.3d at 1367 n.36 ("Rule 26(g)(2)(C) requires the parties to certify, on pain of mandatory sanctions, that all discovery requests, responses, or objections are not 'unreasonably or unduly burdensome or expensive.' Failure to rule on a motion to dismiss a

Footnote continued on next page

Second, there is good cause for a temporary stay. A stay will not "*create* case management problems which impede the Court's responsibility to expedite discovery and *cause* unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652 (emphases added; quotation marks omitted). Indeed, Relators themselves have ***already*** created "case management problems" and have already caused Defendants to incur "unnecessary litigation expenses" by repeatedly amending the Complaint (and by declining to dismiss Relator Scheer's separate action until Defendants' deadline for filing their motion to dismiss it). This has required Defendants to undertake repetitive and costly legal briefing, and has repeatedly postponed the Court's ability to examine the issues presented by Defendants' two prior motions to dismiss. Accordingly, a stay cannot prejudice Relators any further than they have already prejudiced themselves through their litigation choices.

Moreover, "a preliminary peek" at Defendant's motions to date confirms that the arguments for dismissal are both "case dispositive" and "meritorious." *See Feldman*, 176 F.R.D. at 652-53. If granted, the forthcoming motion to dismiss could, as before, dispose of the entire Second Amended Complaint. At a minimum, the motion to dismiss may significantly narrow the case, thus obviating discovery that might otherwise be pursued. The motion's merit is reinforced by the weight of precedent favoring Defendants' arguments: as they have repeatedly argued, Relators have not identified *any* specific false claim for government payment, or related false statement, with the particularity required under the Eleventh Circuit's interpretation of Rule 9(b)'s heightened pleading standard. Moreover, Relators have not identified any condition for

---

Footnote continued from previous page
claim impacting the needs of the case clouds the parties' ability to certify and hinders their ability to conduct appropriate discovery. Allowing a dubious claim that impacts the needs of the case to remain in the lawsuit without a meaningful ruling from the court therefore prevents discovery from proceeding smoothly and efficiently.").

Medicare payment that Defendants have not met – an essential component of their claims of fraudulent billing.

Accordingly, granting a stay in these circumstances is reasonable and supported by good cause. It also consistent with the weight of recent Eleventh Circuit guidance,[2] as well as with this Court's own recent decisions.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay discovery pending the Court's resolution of Defendants' forthcoming motion to dismiss the Second Amended Complaint should be granted.

Dated: November 10, 2014

Respectfully submitted,

/s/ William D. Horgan
Brian Newman (FBN: 004758)
William D. Horgan (FBN: 176877)
PENNINGTON, P.A.
215 S. Monroe Street, 2nd Floor (32301)
P.O. Box 10095 (32302-2095)
Tallahassee, FL
Telephone: (850) 222-3533
Fax: (850) 222-2126
bnewman@penningtonlaw.com
whorgan@penningtonlaw.com

/s/ Mark D. Colley
Mark D. Colley (*pro hac vice*)
Alan E. Reider (*pro hac vice*)
Murad Hussain (*pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Fax: (202) 942-5999
Mark.Colley@aporter.com
Alan.Reider@aporter.com
Murad.Hussain@aporter.com

*Counsel for Defendants Space Coast Medical Associates, L.L.P.,*
*Dr. Cynthia Jean Bryant, and Brevard Hematology and Oncology Consultants –*
*Levine, Zimm, and Sprawls, M.D., P.A. aka Space Coast Cancer Center*

[2] *See, e.g.*, *World Holdings*, 701 F.3d at 654-55; *Cotton*, 402 F.3d at 1292; *Carter*, 521 F. App'x at 728; *Inman*, 517 F. App'x at 748-49; *Moore*, 141 F. App'x at 807-08.

[3] *See, e.g.*, *NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-CV-795, 2013 WL 5428737, at *1 (M.D. Fla. Sept. 26, 2013) (staying all discovery pending resolution of defendant's motion to dismiss, where plaintiff would not be prejudiced (citing *Chudasama* and *Cotton*) ); *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 720462, at *1-*2 (M.D. Fla. Feb. 22, 2011) (similar); *Yerk v. People for the Ethical Treatment of Animals*, No. 2:09-CV-537, 2010 WL 1730754, at *1-*2 (M.D. Fla. Apr. 28, 2010) (similar); *Allmond v. Duval Cnty.*, No. 3:08-CV-486, 2010 WL 520813, at *2-*4 (M.D. Fla. Feb. 9, 2010) (similar).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2014, I served all parties by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ William D. Horgan

Brian Newman (FBN: 004758)
William D. Horgan (FBN: 176877)
PENNINGTON, P.A.
215 S. Monroe Street, 2nd Floor (32301)
P.O. Box 10095 (32302-2095)
Tallahassee, FL
Telephone: (850) 222-3533
Fax: (850) 222-2126
bnewman@penningtonlaw.com
whorgan@penningtonlaw.com
*Counsel for Defendants*