UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA and STATE
OF FLORIDA ex rel. ROBERT PARKER,

      Plaintiffs,

v.                                  Case No.  6:13-cv-1068-Orl-22TBS

SPACE COAST MEDICAL ASSOCIATES,
L.L.P., DR. CYNTHIA JEAN BRYANT, and
BREVARD HEMATOLOGY AND
ONCOLOGY CONSULTANTS - LEVINE,
ZIMM AND SPRAWLS, M.D., P.A. a/k/a
SPACE COAST CANCER CENTER,

      Defendants.

_____/

## ORDER

      Plaintiffs' second amended complaint alleges that Defendants violated the

False Claims Act, 31 U.S.C. § 3729 et seq., and the Florida False Claims Act, Fla.

Stat. § 68.081 et seq.  (Doc. 61).  Defendants have motioned the Court to dismiss the

second amended complaint on the grounds that it fails to plead plausible and

particular claims upon which relief can be granted.  (Doc. 65).  The case is before the

Court on Defendant's Motion to Stay Discovery Pending Resolution of Motion to

Dismiss Second Amended Complaint (Doc. 64).  Plaintiffs have not filed a response to

the motion and the time within to do so has expired.

      Rule 26(c) of the Federal Rules of Civil Procedure allows the court to "issue an

order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense" arising from discovery in federal litigation.  District courts

also have the inherent power to stay discovery pending resolution of preliminary

issues that may be case dispositive.  Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).

Defendants argue that their pending motion to dismiss should narrow the case and could potentially dispose of the entire second amended complaint.  (Doc. 64).  If they are correct, that might obviate the need for discovery they anticipate Plaintiffs will otherwise pursue.  Accordingly, Defendants argue for a stay of discovery pending a decision on their motion to dismiss.  Defendants' motion is based in large part on the holding in Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir. 1997).  (Id.). In Chudasama the Eleventh Circuit said "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."  Id. at 1367.  Contrary to what some may believe, the Chudasama court did not hold that all discovery should be stayed pending a ruling on a motion to dismiss.  Ave Maria Univ. v. Sebelius, No. 2:12-cv-88-FtM-99SPC, 2012 WL 3128015, at *1 (M.D. Fla. July 31, 2012) (citing Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)).  Instead, the decision is understood to mean "that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount."  Schreiber v. Kite King's Lake, LLC, No. 2:10-cv-391-FtM-29DNF, 2010 WL 3909717, at  *1 (M.D. Fla. Oct. 1, 2010).  In most cases, staying all discovery pending resolution of a motion is inappropriate where the motion will not dispose of the entire case.  Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987).

-2-

The party seeking a stay of discovery "bears the burden of showing good cause and reasonableness." <u>Ave Maria Univ.</u>, 2012 WL 3128015, at *1.  Motions to stay discovery are disfavored, because they tend to delay resolution of proceedings and cause unnecessary litigation expenses and problems.  <u>Kron Medical Corp. v. Groth</u>, 119 F.R.D. 636 (M.D.N.C. 1988).  "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." <u>Feldman v. Flood,</u> 176 F.R.D. 651, 652 (M.D. Fla. 1997).  So, "[i]t may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." <u>Id.</u>

After reviewing the second amended complaint, the motion to dismiss, and Plaintiff's response to the motion to dismiss the Court is not convinced of "an immediate and clear possibility" that the motion to dismiss will significantly narrow the issues or dispose of Plaintiffs' entire second amended complaint.  Therefore, the Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss Second Amended Complaint (Doc. 64) is DENIED.

According to Defendants' motion, counsel conferred by telephone and email concerning Defendants' proposal to stay discovery and that Plaintiffs opposed the motion.  (Doc. 64 at 2).  Yet Plaintiffs did not file a response in opposition to the motion and the Court could have granted it on the basis that it was uncontested.  The Court did not take this route for two reasons.  First, the result would have been

contrary to law.  Second, if the motion was granted it would likely result in future case management problems.[1]  Plaintiffs may not be so lucky the next time.  If a party opposes a motion then it should file a timely response in conformity with M.D. Fla. Rule 3.01(b).

DONE AND ORDERED in Orlando, Florida, on December 3, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

---

[1] In their motion Defendants argue, unconvincingly, that this second reason should not be a concern inasmuch as Plaintiffs have already created management problems and caused Defendants unnecessary litigation expense.  Assuming arguendo that there have already been case management problems, that is no reason to compound them in the future.

-4-