IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
and STATE OF FLORIDA
*ex rel.* Robert Parker,

Plaintiffs, Case No. 6:13-cv-1068-Orl-22TBS

v.

SPACE COAST MEDICAL ASSOCIATES,
L.L.P., DR. CYNTHIA JEAN BRYANT, and
BREVARD HEMATOLOGY AND ONCOLOGY
CONSULTANTS-LEVINE, ZIMM AND
SPRAWLS, M.D., P.A., a/k/a SPACE
COAST CANCER CENTER,

Defendants.
_________________________________/

**MOTION FOR CLARIFICATION BY UNITED STATES**

The United States moves for clarification under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 517 that the dismissal of this case by the Court's March 3, 2015 Order (Doc. 75) is without prejudice to the United States.

## I. Introduction

Relator Robert Parker filed this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729-33, on behalf of the United States. The United States filed a notice on March 13, 2014 informing the Court that it was not able to make an intervention decision by the Court's March 17, 2014 deadline. In its March 13, 2014 Order unsealing the case, the Court provided, at the United States' request in its Notice of No Decision, that should the relator or any of the defendants propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States before ruling or granting approval.

Relator Robert Parker filed a second amended complaint on October 30, 2014, adding Dr. Thomas Scheer as a relator. (Docs. 54, 61). Defendants moved to dismiss the second amended complaint. (Doc. 65). The Court granted the motion, dismissing the complaint without prejudice and permitting Relators to file a third amended complaint by March 2, 2015. (Doc. 74). Upon Relators' failure to do so, the Court dismissed the action with prejudice. (Doc. 75). The Court's Order did not specify whether the dismissal with prejudice was limited to Relators Parker and Scheer or if it also extended to the United States. The United States now requests clarification that the dismissal was without prejudice to the United States.

Undersigned counsel has conferred with counsel for defendants. Defendants take no position on this motion.

## II. <u>Memorandum of Law</u>

When a *qui tam* action in which the United States has not intervened is dismissed based on deficiencies in the relator's allegations, the dismissal should be without prejudice to the rights of the United States. *See United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 454-56 (5th Cir. 2005). The district court in *Williams* dismissed a declined *qui tam* complaint based on the relator's failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). The court dismissed the claims with prejudice to the United States because it believed that the government had had the opportunity to participate in the prosecution of the claims if they had any merit. *Id.* at 455. The Fifth Circuit found the district court's speculation about the government's motives to be unreasonable, noting that the False Claims Act, 31 U.S.C. § 3730, does not *require* the government to proceed if it finds a meritorious claim. *Id.* The Fifth Circuit recognized that the United States may opt out for any number of reasons as the result of a cost-benefit analysis. *Id.* Dismissing a complaint with prejudice to the United States

whenever a relator's complaint is deficient effectively would force the government to "fill in the blanks" of a deficient complaint and intervene in every case, even if just to preserve the United States' rights. *Id.* Further, dismissal with prejudice to the United States would create a scenario in conflict with the False Claims Act – that is, dismissal with prejudice to the United States would prevent the government from intervening in a later-filed *qui tam* action by a different relator against the same defendants, even if those circumstances lead to a cost-benefit analysis that warrants intervention. *Id.* at 456.

Following *Williams*, this Court has held that dismissal of a *qui tam* complaint with prejudice to the relator should be without prejudice to the United States. *United States ex rel. Mastej v. Health Mgmt.Assocs. Inc.*, No. 2:11-cv-89-FtM-29DNF, Doc. 108 (M.D. Fla. June 10, 2014); *see also United States ex rel. Rostholder v. Omnicare, Inc.*, 2012 WL 3399789, No. CCB-07-1283, at * 14-15 (D. Md. Aug. 14, 2012) (dismissing *qui tam* complaint for failure to adequately plead a false statement or fraudulent course of conduct, but finding that the dismissal should be without prejudice to the United States). Like the complaint in *Mastej*, the complaint in this case failed to satisfy Rule 9(b). This Court found that Relators failed to cite sufficient legal support to show that Medicare required that radiation plans be verified and quality assurance evaluations be conducted before radiation treatment, and thus failed to state an actionable claim under the False Claims Act. (Doc. 74 at 17-18). Similarly, this Court found that Relators failed to cite authority for their claim that Medicare requires that a radiation oncologist be present at the time of radiation treatment. (Doc. 74 at 18-19). Relators allege that other physicians present during treatment delivered by Space Coast were not clinically appropriate, but failed to plead with particularity why those physicians were not appropriate. (Doc. 74 at 18 n. 15). The Court

found, however, that it was possible for Relators to satisfy Rule 9(b) with additional facts, authority, or arguments. (Doc. 74 at 19).

Just as it was possible for Relators in this case to present sufficient facts, authority, and arguments to satisfy Rule 9(b), it is possible that a different relator will do so in the future. Because the dismissal was not based on the merits of the claims, but the sufficiency of Relator's pleading, the United States' rights should not be prejudiced.

## III. Conclusion

For the foregoing reasons, the United States respectfully moves the Court to clarify that its dismissal of this action is without prejudice to the United States.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: /s Katherine M. Ho
Katherine M. Ho
Assistant United States Attorney
USA No. 070
400 West Washington Street, Suite 3100
Orlando, FL 32801
Tel.: (407) 648-7500
Fax: (407) 648-7643
Katherine.Ho@usdoj.gov

**L.R. 3.01(g) Certification**

Counsel for the United States has conferred with counsel for Defendants. Defendants take no position on this motion.

**Certificate of Service**

I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Katherine M. Ho
Katherine M. Ho
Assistant United States Attorney